UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOHN DAUGHERTY REAL ESTATE, INC., | ) | Case No. 20-31293 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| ERICH MUNDINGER, Liquidating Trustee for the JDRE Liquidating Trust, | ) | Adversary No. 22-_____- |
| Plaintiff, | ) | |
| v. | ) | |
| HEARST NEWSPAPERS, LLC DOING BUSINESS AS THE HOUSTON CHRONICLE PUBLISHING COMPANY, HEARST COMMUNICATIONS, INC., THE HEARST CORPORATION, AND THE HOUSTON CHRONICLE | ) | |
| Defendants | ) | |

**COMPLAINT OF ERICH MUNDINGER, LIQUIDATING TRUSTEE FOR THE JDRE LIQUIDATING TRUST, AGAINST HEARST NEWSPAPERS, LLC DOING BUSINESS AS THE HOUSTON CHRONICLE PUBLISHING COMPANY, HEARST COMMUNICATIONS, INC., THE HEARST CORPORATION, AND THE HOUSTON CHRONICLE, FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS**

Erich Mundinger, not individually but solely in his capacity as Liquidating Trustee for the JDRE Liquidating Trust, ("Plaintiff" or "Trustee") for the bankruptcy estate of John Daugherty Real Estate, Inc. ("Debtor"), by and through his undersigned counsel, hereby files this complaint against Hearst Newspapers, LLC, Hearst Communications, Inc., The Hearst Corporation, and the Houston Chronicle a/k/a Houston Chronicle Publishing Company ("Defendants, or collectively, "Hearst") for avoidance

1

and recovery of preferential transfers under 11 U.S.C. § 547(b) and 11 U.S.C. § 550(a).

In support of his causes of action against Defendants, Plaintiff alleges and avers as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has subject matter jurisdiction over this adversaryproceeding pursuant to 28 U.S.C. § 1334(b) and (e), and 28 U.S.C. § 157(a).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1)and 157(b)(2)(A), (F) and (O).

3. This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 547(b) and550(a) and Fed. R. Bankr. P. 7001(1).

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to entry of final orders orjudgment by the Bankruptcy Court.

## PARTIES

6. Trustee is the Liquidating Trustee for the JDRE Liquidating Trust pursuant to the chapter 11 plan confirmed on September 9, 2021, in the above-styled bankruptcy case, pending in the U.S. Bankruptcy Court for the Southern District of Colorado (the "Bankruptcy Court").

7. Defendant Hearst Newspapers, LLC is a limited liability company organized under the laws of the State of Delaware, who can be served upon its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA

8. Hearst Corporation is a New York state-based organization, with its principal place of business at 300 W 57TH St New York, NY, 10019-3790.

9. Hearst Communications, Inc., is an entity organized under the laws of the State of Delaware, who can be served upon its registered agent, CT Corporation System,

2

1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

10. The Houston Chronicle is a Houston, Texas publisher of a daily Houston newspaper whose principal place of business at 4747 Southwest Fwy, Houston, TX 77027.

## GENERAL ALLEGATIONS

11. On February 27, 2020, (the "Petition Date"), Debtor filed for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), starting bankruptcy case no. 20-32193 (the "Bankruptcy Case").

12. Plaintiff is the duly appointed Litigation Trustee of the Debtor's bankruptcy estate.

13. The Debtor was a real estate brokerage company that, prior to the Petition Date, marketed and sold luxury homes in addition to providing relocation services to home buyers.

14. Prior to the Petition Date, the Debtor had been in business for nearly fifty years as one of Houston's preeminent residential real estate firms.

15. John Daugherty served as its sole shareholder, and the Debtor's annual sales volume averaged around $1 billion per year, with average gross revenues around $30 million per year.

16. At the beginning of 2019, Douglas Elliman Realty, LLC ("Elliman NY"), was the second largest residential real estate company in the nation and the largest in New York City; however, at that time, it had not entered the Houston market.

17. In or about 2019, Elliman NY took action to enter the Houston market. The Debtor and Elliman NY (and certain affiliates) negotiated the purchase of the Debtor's business. However, the purchase never closed and shortly thereafter the Debtor filed

3

bankruptcy.

18. Prior to the Petition Date, Hearst provided advertising and/or advertising related services to the Debtor.

19. On the dates set forth in the immediately below chart, Debtor paid Hearst each of the separate payments specified in the immediate below (each a "Transfer," and collectively, the "Transfers").

| Date | Payee | Amount |
|---|---|---|
| 12/30/2019 | Houston Chronicle | 78,462.00 |
| 12/30/2019 | Houston Chronicle | 62,964.25 |
| 1/2/2020 | Houston Chronicle | 7,787.00 |
| 1/7/2020 | Houston Chronicle | 7,787.00 |
| 1/14/2020 | Houston Chronicle | 7,787.00 |
| 1/21/2020 | Houston Chronicle | 7,787.00 |
| 1/24/2020 | Houston Chronicle | 28,500.00 |
| 1/30/2020 | Houston Chronicle | 69,327.00 |
| 1/30/2020 | Houston Chronicle | 71,319.00 |
| 1/31/2020 | Houston Chronicle | 26,000.00 |

20. Thus, in the ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor made payments to Hearst in an aggregate amount no less than $367,720.25.

21. In addition, on information and belief, during the four year period immediately prior to the Petition Date, the Debtor paid, in aggregate, significantly more than the $367,720.25 discussed above.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Under 11 U.S.C. § 547(b))**

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 – 15 of this complaint as though fully set forth in Paragraph 16 of this complaint.

23. Section 547(b) of the Bankruptcy Code provides:

> Except as provided in subsections (c), (i), and (j) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses undersubsection (c), avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transferwas made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by theprovisions of this title.

24. Each Transfer was a "transfer" under the meaning of 11 U.S.C. § 101(54).

25. Each Transfer was a transfer of an interest of the Debtor in property.

26. At the time each Transfer was made by the Debtor to Hearst, the Debtor owed Hearst a debt on account of services provided to the Debtor prior to that payment.

27. At the time each Transfer was made by the Debtor to Hearst, Hearst was a creditor of the Debtor.

28. The Transfers made by the Debtor were to or for the benefit of Hearst.

29. The Transfers made by the Debtor reduced the obligation owed by Debtor to

Hearst existing at the time each Transfer was made.

30. The Transfers made by the Debtor to Hearst were on account of an antecedent debt owed by Debtor to Hearst before each Transfer was made.

31. The Transfers were made by the Debtor to Hearst within the ninety (90) days prior to the Petition Date.

32. Under 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the Petition Date.

33. Under 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent each time each Transfer was made to Hearst.

34. The Debtor was insolvent at the time each Transfer was made to Hearst.

35. The Transfers made by the Debtor to Hearst enabled Hearst to receive more than Hearst would receive in the Debtor's chapter 7 Bankruptcy Case.

36. The Transfers made by the Debtor to Hearst enabled Hearst to receive more than Hearst would receive if the Transfers had not been made.

37. The Transfers made by the Debtor to Hearst enabled Hearst to receive more than Hearst would receive if Hearst received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

38. The Transfers are avoidable by Plaintiff as preferential transfers under 11 U.S.C. § 547(b)

## SECOND CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548 and TUFTA[1])

39. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 – 38

---

[1] Texas Uniform Fraudulent Transfer Act

of this complaint as though fully set forth in Paragraph 38 of this complaint.

40. Debtor was indebted to creditors other than Hearst before and during the time of each Transfer.

41. Debtor's agents and brokers—and their respective reputations and network of connections --were Debtor's most valuable assets.

42. On information and belief, at the time of each Transfer, Hearst knew or had reason to know that the Debtor's agents and brokers were transitioning—or had already transitioned –away from Debtor to one or more realty companies other than Debtor.

43. As to each Transfer:

   a. the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation;

   b. the Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

   c. the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

   d. the Debtor intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; and

   e. the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

44. The Transfers are avoidable by Plaintiff as constructively fraudulent transfers under 11 U.S.C. § 548 and Chapter 24 of the Texas Business and Commerce Code.

### THIRD CLAIM FOR RELIEF
**(Recovery of Avoided Transfers Under 11 U.S.C. § 550(a))**

45. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 – 44 of this complaint as though fully set forth in Paragraph 44 of this complaint.

46. Section 550(a) of the Bankruptcy Code states:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if thecourt so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit suchtransfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

47. The Transfers are avoidable by Plaintiff under 11 U.S.C. § 547(b).

48. Hearst received the Transfers directly from the Debtor.

49. Hearst was the initial transferee of the Transfers from the Debtor.

50. Hearst is the entity for whose benefit the Transfers were made.

51. Recovery of the Transfers from Hearst would increase the assets of the Debtor's bankruptcy estate available for payment of creditors.

52. Recovery of the Transfers from Hearst is for the benefit of the estate.

53. Plaintiff may recover the Transfers from Hearst under 11 U.S.C. § 550(a).

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests the Court:

(i) Enter judgment in favor of Plaintiff and against Defendants for avoidance of the Transfers under 11 U.S.C. § 547(b);

(ii) Alternative, enter judgment in favor of Plaintiff and against Defendants for avoidance of the Transfers under the TUFTA;

(iii) Enter judgment in favor of Plaintiff and against Defendants for recovery of the Transfers under 11 U.S.C. § 550(a);

(iv) Enter judgment in favor of Plaintiff and against Defendants for the full amount of the Transfers, plus costs and pre-judgment and post-judgment interest to the extent allowed by law; and

(v) Entering such other and further relief as the Court finds necessary and appropriate under the facts and circumstances.

                              **O'CONNORWECHSLER PLLC**
                              By: ___/s/ *Annie Catmull*___
                                  Annie E. Catmull
                                  State Bar No. 00794932
                                  aecatmull@o-w-law.com
                                  4400 Post Oak Plaza, Suite 2360
                                  Houston, Texas 77027
                                  Telephone: (281) 814-5977

                              **ATTORNEYS FOR PLAINTIFF**